[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO STRIKE
The plaintiff, the National Publishing Co., Inc., has filed a complaint in three counts against the defendant, Hartford Fire Insurance Company. The complaint sounds in breach of contract (count one), a violation of the Connecticut Unfair Trade Practices Act (CUTPA) (count two), and a violation of the Connecticut Unfair Insurance Practices Act (CUIPA) (count three). Specifically, the plaintiff is seeking insurance benefits which it is allegedly entitled due to a series of thefts.
The defendant has filed a motion to strike counts two and three of the complaint based on the grounds that "a CUTPA cause [of] action against an insurance company requires a violation of the predicate CUIPA statute; an alleged single act of insurer misconduct is insufficient to state a cause of action under CUIPA and CUTPA; and a private cause of action does not exist under CUIPA."
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
Count two of the complaint sounds in a violation of CUTPA based on the defendant's alleged unfair claim settlement. "[A] CUTPA claim based on an alleged unfair claim settlement practice prohibited by § 38a-816 (6) [requires] proof, as under CUIPA, that the unfair settlement practice [has] been committed or performed by the defendant with such frequency as to indicate a general business practice." (Internal quotation marks omitted.)Lees v. Middlesex Ins. Co., 229 Conn. 842, 850, 643 A.2d 1282
(1994). See also Alintah v. National Grange, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 146571 (April 24, 1997, D'Andrea, J.). CT Page 3644
In the present case, the plaintiff alleges that the defendant "repeatedly engaged in unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of [CUTPA] in that it: a) refused to advance plaintiff moving costs although such costs are covered under the policy; b) refused to pay plaintiff's claim for costs associated with the transfer of its telephone system, although such costs are covered under the policy; [and] c) misrepresented that the president of the plaintiff company participated in theft of the equipment and securities."
The plaintiff's allegations do not amount to allegations of conduct occurring "with such frequency as to indicate a general business practice." Rather, the plaintiff has enumerated the alleged reasons that the defendant rejected its claim or claims involving only one particular loss. The second count of the plaintiff's complaint, therefore, is legally insufficient. The defendant's motion to strike count two of the complaint is granted.
Count three of the complaint sounds in a violation of CUIPA. "[T]he legislature has manifested a clear intent to exempt from coverage under CUIPA isolated instances of insurer misconduct."Lees v. Middlesex Ins. Co., supra, 229 Conn. 849.
In the present case, the plaintiff, in its complaint, attempts to circumvent the Lees requirement by simply listing eight other entities that allegedly have filed complaints against the defendant with the Connecticut Insurance Department. However, the plaintiff fails to establish what facts, if any, support those entities' complaints. The only misconduct pleaded, therefore, is the "isolated instance" which occurred against the plaintiff. The third count of the plaintiff's complaint is legally insufficient. The defendant's motion to strike count three of the complaint, therefore, is granted.
So Ordered.
D'ANDREA, J.